Lee, J.
The judgment of a court possessing competent jurisdiction in the proceeding before it and over the person against whom it is rendered, is binding and conclusive; and however irregular or erroneous it may be, yet so long as it remains unreversed, it cannot be drawn in question in a collateral proceeding; nor can any allegation be made against its validity. Horsy v. Daniel, 2 Levinz R. 161; Hayward v. Ribbans, 4 East’s R. 311; Prince v. Nicholson, 1 Marsh. R. 280; 1 Chit. PI. 100, 320. So that the only ground on which the plaintiffs in error, in any view, can be permitted to contest the validity of the original judgment in this proceeding is, that it was ipso facto void, and furnished no foundation for the execution upon which the forthcoming bond given by them was taken. But surely, this cannot be affirmed of a judgment for the defendant’s costs against a party for whose benefit an action is brought in the name of another, and so expressed to be upon the record. Nor do I think the judgment in this case should be held to be irregular or erroneous. Courts of law will for many purposes take notice of the person for whose benefit a suit is brought, though in the name of another. Thus they will not permit the nominal plaintiff to dismiss the suit or release the action. Per Judge Green, Garland v. Richeson, 4 Rand. 266, 268; 1 Tuck. Comm. 347. See also opinion of Judge Buller in Masters v. Miller, 4 T. R. 320, 339. So a receipt given by the nominal plaintiff may be avoided by proof that it was given after the assignment. Henderson v. Wild, 2 Camp. R. 561. And admissions made by him after assignment will not be ad *24 mitted in support of demands set up against the claim by way of setoff. _ Frear v. Evertson, 20 John. R. 142. So though the nominal plaintiff have become bankrupt, the action may be maintained in his name. Winch v. Keeley, 1 T. R. 619. And where 'a bond was given, payable to the nominal plaintiff, but which was in fact for the use and benefit of another, a claim against that other was allowed by way of setoff. Bottomley v. Brooke, cited 1 T. R. 621. And it seems that it makes no difference that the party was not originally interested in the claim, as in the case last cited: for whether he was merely a trustee originally, or became so by a subsequent assignment of the claim, the court equally takes notice of the rights and relations of the parties. Winch v. Keeley, above cited. So in an action for a balance due on account in the name of the original creditor, for the benefit of a third party to whom it had been assigned with the defendant’s consent, the defendant was allowed to offset claims he held against the assignee. Winchester v. Hackley, 2 Cranch R. 342.
Where a party, then, brings a suit for his own benefit, though in the name of another’, and afterwards abandons his action, no reason is perceived why the court might not (even prior to the Code of 1849) properly render a judgment for' the defendant’s costs directly against him, thus noticing him for the purpose of holding him to a just responsibility, as well as for the purpose of protecting him against the acts or admissions of the nominal plaintiff, or any collusion between him and the defendant. Indeed we see that where a suit has been brought in a fictitious name, or in the name of a person without his privity and consent, or of a deceased person, the court will interfere in a summary way, and will hold the party by whom the suit was prompted, or even the attorney in the case, responsible for costs. Gynn v. Kirby, 1 Stra. R. 402; The People v. Bradt, 7 John. R. 539; Ketcham v. *25 Clark, 4 John. R. 484; Howard v. Rawson, 2 Leigh 733, and authorities there cited.
By the Code of 1849, (p. 706, § 9,) it is expressly provided that where there shall be judgment for the defendant’s costs in a suit brought in the name of one person for the benefit of another, such judgment shall be against that other. And in the case of Devers v. Ross, 10 Gratt. 252, this court, on reversing the judgment of the Circuit court, rendered the judgment for costs against Mowers, for whose benefit the suit had been brought, although the case had been decided in the Circuit court, and brought to this court by supersedeas before the Code of 1849 was enacted. Indeed, prior to the enactment of that Code, it was-the practice of some of the Circuit courts to render the judgment for the defendant’s costs (where such a judgment was to be given) against the beneficial party on the record; and considering the extent to which the courts have gone in noticing him for certain purposes, I can perceive no well founded objection to it.
But if the propriety of such a judgment in a general way were more questionable than I think it is, certainly any court may notice the beneficial party on the record for the purpose of receiving his consent to such a judgment. Here, the plaintiff in error John D. Pate, for whose benefit the suit was brought, was the active party by whom it was prompted and dismissed. The attorney in the cause was his attorney, and the consent given to the dismission of the case and to the judgment for costs, may be fairly referred to him, and should be construed as his consent.
I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Lee, J.
Judgment affirmed.